IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JAMES STUDENSKY,** § | |
| **Chapter 7 Trustee for Little River** § | |
| **Healthcare Holdings, LLC,** *et al*. § | |
| *Plaintiff*, § | |
| v. § | Case No. 6:20-CV-1065-DTG |
| § | |
| **Blue Cross and Blue Shield of Texas** § | |
| *Defendants*. § | |

**ORDER DENYING-IN-PART AND GRANTING-IN-PART
PLAINTIFF'S MOTION TO EXCLUDE CRIMINAL CONVICTIONS (ECF NO. 146)**

Before the Court is Plaintiff's Motion to Exclude Criminal Convictions or in the Alternative, a Motion in Limine. ECF No. 146. Defendant filed an opposition, and Plaintiff filed a reply in support of its Motion. ECF Nos. 150 & 156, respectively. The Court heard argument on August 13, 2024, and issued its ruling on the record DENYING-IN-PART and GRANTING-IN-PART. This Order memorializes that ruling.

This case involves a complex series of facts that have resulted in several different pieces of litigation. Initially, there was an arbitration between these parties. *See* ECF No. 146 (referring to Defendant's arbitration strategy). There have been extensive bankruptcy proceedings with pending appeals. And at issue in this Motion, there is a pending criminal case in the Eastern District of Texas. *USA v. Hertzberg, et al.*, 6:22-CR-0003 (E.D. Tex.). The criminal case resulted in several guilty pleas as well as a trial verdict that found Plaintiff's former chief executive officer guilty of engaging in an illegal kickback scheme. ECF No. 146 at 2; ECF No. 146-2 at 3; ECF No. 146-3.

The parties dispute the admissibility of items from the criminal case such as the indictment, guilty pleas, and the jury verdict. Plaintiff contends that the evidence from the

criminal case is irrelevant under Federal Rule of Evidence 401 because it involved individuals and a kickback scheme—not improper billing practices by Plaintiff. Plaintiff also contends that the information from the criminal case is unfairly prejudicial, confusing, and misleading under Federal Rule of Evidence 403. Defendant counters that the facts and circumstances of the criminal case are highly relevant as they are intimately intertwined with the alleged improper billing practices at issue in this case. Defendant further contends that because of the intertwined facts and the relation of the criminal case to the damages at issue in this case, the probative value of the criminal case is not substantially outweighed by any prejudice, likelihood of confusion, or potential to mislead the jury.

The Court agrees that the conduct at issue in the criminal case is relevant to the present case. Federal Rule of Evidence 401 is not a high bar. This case involves allegations of improper billing practices by Plaintiff, which include in part a system of financially encouraging doctors to send lab tests to Plaintiff who would have the lab work performed by third-party labs. Plaintiff would allegedly bill for the lab work at its higher rate, reimburse the third-party at that lab's lower rate, and use managed service organizations to pay the doctors. ECF No. 150-2 at 4-5. As such, the existence of a criminal kickback conspiracy has a tendency to make Defendant's statements about improper billing practices at Plaintiff more or less probable. This meets Rule 401's low requirement for relevance.

The closer issue involves the application of Federal Rule of Evidence 403. To exclude evidence under Rule 403, the probative value must be substantially outweighed by one or more of the potential dangers. Fed. R. Evid. 403. Application of that rule depends on the specific facts and circumstances surrounding the evidence and its potential introduction. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008). Given the substantial amount of evidence

developed in the criminal case, the Court is unable to say whether it is all admissible or not under Rule 403. Information such as pleadings, transcripts, exhibits, or other evidence from the criminal trial, might be highly probative depending on the circumstances of how it is offered as evidence in this case. Plaintiff's requested relief "to exclude the use of any pleading, transcript, or reference to the existence or result" of the criminal case goes too far and is **DENIED**. Allowing a civil jury to hear that Plaintiff's executives were indicted, plead guilty, or were found guilty of criminal conduct related to the present case, however, does raise a risk of unfair prejudice and confusion that substantially outweighs any probative value of such statements. Thus, the Court **GRANTS** Plaintiff's alternative relief of a motion in limine regarding such statements.

Plaintiff's Motion is therefore **DENIED-IN-PART** and **GRANTED-IN-PART**. The Parties are **ORDERED** to refrain from referring to "the criminal case," "criminal convictions," "the indictment," "pleading guilty," or other similar statements that would indicate the existence of a criminal case without first approaching the bench and seeking permission. The Parties are permitted to use transcripts or evidence from the criminal case in the present case provided that they are otherwise admissible and have been properly redacted to prevent them from indicating the existence of the criminal case.

SIGNED this 13th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE