# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JAMES STUDENSKY, RESPONDENT;** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL NO. W-20-CV-01065-DTG |
| **BLUE CROSS AND BLUE SHIELD OF TEXAS, MOVANT;** | § § § § | |
| **Defendant.** | § § | |

## ORDER DENYING DISCOVERY REQUEST

Before the Court is Plaintiff's discovery dispute chart (attached to this Order as Exhibit A) that was submitted to the Court on August 12, 2024. The Court heard oral argument on the dispute as part of its August 13, 2024, motions hearing, and ordered Defendant to produce the document at issue (corporate representative Lynn O'Dea's notes) to the Court for an *in camera* review.

The dispute involves notes taken by Defendant's corporate representative witness. Before the deposition, and in preparation for her role to testify as a corporate witness, Ms. O'Dea took 5 pages of handwritten notes during conversations with her attorney and another employee of Defendant. Ms. O'Dea testified that she reviewed the notes in preparation for her testimony, but she never relied on or reviewed the notes to refresh her recollection during the deposition. Following the deposition, Defendant produced a redacted version of the notes. Plaintiff Because the deponent reviewed the notes before her deposition, Fed. R. Evid. 612(a)(2) governs, and only requires them to be turned over "if the court decides that justice requires."

Having reviewed the notes and the accompanying deposition transcript, the Court has determined that the contents of the document are largely unrelated to her testimony and privileged.

As such, the Court determines that justice does not require Defendant to disclose the entirety of the notes to Plaintiff.

Plaintiff's request to produce the entirety of Ms. Lynn O'Dea's notes and for a Zoom deposition concerning the content of those notes is hereby **DENIED**.

SIGNED this 14th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**Exhibit A- Discovery Dispute Chart**

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| Trustee seeks production of notes made by a corporate representative during her meeting with counsel that she testified she used to refresh her recollection before her deposition. | Rule 612 states that "if a witness uses a writing to refresh memory for the purpose of testifying . . . before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Fed. R. Evid. 612. Rule 612's purpose is to "promote the search of credibility and memory." *Shaffer v. Perry's Rests., Ltd.*, 2018 U.S. Dist. LEXIS 180543, at *7 (W.D. Tex. Oct. 22, 2018).<br><br>At the deposition, Defendant's sole basis for refusing to produce the notes was Defendant's argument that discovery had closed and Plaintiff's demand for the notes was thus an improper "request for document production at this stage of the litigation . . . ." Now, Defendant seeks to assert a privilege by redacting nearly the entire 5 pages of Ms. O'Dea's notes. See **Exhibit A**, Defendant's Communication and Attachment. Regardless, both of Defendant's arguments are wrong.<br><br>"[N]umerous federal courts have held that the attorney-client privilege does not automatically bar an opponent's access to such a writing." *Shaffer,* 2018 U.S. Dist. LEXIS 180543, at *7. To be clear, the Trustee is seeking neither Defendant's counsel's communications to his client nor his core-work product=. Instead the Trustee seeks notes written by a non-attorney, in her own words, that she admitted she used to refresh her recollection prior to testifying as Defendant's corporate representative.<br><br>Specifically, Defendant's corporate representative Ms. O'Dea unequivocally testified: (1) she took 5 pages of notes of her conversation with a BCBS employee and Mr. Kavanaugh during her preparation to testify as | The Trustee seeks production of notes O'Dea took during meetings involving counsel and BCBSTX employees in preparation to be a 30(b)(6) witness. The law is clear that, at most, the Trustee is entitled only to portions of the notes relating to O'Dea's testimony, which BCBSTX has provided:<br><br>• Because O'Dea reviewed those notes before testifying, FRE 612(a)(2) only requires production of **portions** O'Dea actually used "to refresh memory" for the purpose of testifying *and* where "justice requires."<br><br>• Portions of the document "unrelated" to the witness's testimony must not be disclosed. FRE 612(b).<br><br>• Rule 612 requires more than a "cursory review of the document." *Lubritz v. AIG Claims, Inc.*, 2018 WL 10456239, at *4 (D. Nev. Apr. 18, 2018). There must be "evidence that the witness has actually relied upon the document in giving his testimony or that the document somehow influenced his testimony." *Bracamontes v. GeoVera*, 2024 WL 2880422, at *6 (E.D. La. June 7, 2024); *Valvoline v. RFG*, 2014 WL 12026075 at *4 (S.D. Cal. May, 20 2014) (where witness reviewed document containing privileged and non-privileged material, only that portion relied on for specific testimony subject to production).<br><br>Here, O'Dea testified fully regarding the topics, and the Trustee failed to establish that any answer was based on her notes. When asked whether the notes of her conversation refreshed her recollection, O'Dea testified the conversation "was very fresh in |

3

the corporate representative for BCBS; (2) she reviewed those notes in preparation for her testimony; (3) they helped her remember what was discussed during that meeting with the BCBS employee; and (4) she used the entirety of the notes to refresh her recollection before her testimony. **Exhibit B**, O'Dea Excerpts, p. 74:22-3, 76:21-23, 76:24-9, and 78:3-12.

The Trustee requested these notes on the record and Defendant refused to produce them. *Id*. at p. 77:13-22. The Court must find the requested production is in the interest of justice. Given Ms. O'Dea's unfamiliarity with the underlying issues in this litigation prior to being deposed as a corporate representative (*id*. at p. 18:3-7, 46:16-22), the importance of the witness's credibility in delivering such testimony, and the Trustee's right to discover information bearing on such credibility as well as the basis for Ms. O'Dea's knowledge and testimony, ordering production of the notes, with a related limited deposition, serves the interest of justice in this instance.

Requests Relief: Trustee seeks production of the notes at issue and a Zoom deposition of Lynn O'Dea as 30(b)(6) witness concerning the content of the notes. This Zoom deposition may not exceed one hour.

Trustee requests the Order read "After reviewing the parties' submissions concerning notes taken by Defendant's corporate representative, the Court ORDERS that Defendant produce an unredacted copy Lynn O'Dea's notes and that Defendant's produce Ms. O'Dea for a deposition concerning the content of those notes on Zoom at a mutually agreeable date and time. The deposition shall not exceed one hour."

her mind." Ex. B, at 76:24-77:05. BCBSTX has produced the portions of O'Dea's notes relating to her testimony. Ex. A; Ex. B at 75:10-76:5. The Trustee has not established that O'Dea relied on the unproduced portions in connection with any *specific* testimony, because she did not. *Sporck v. Peil*, 759 F.2d 312, 317–19 (3d Cir. 1985) (vacating a Rule 612(a)(2) production order where there was no admission that witness's answers to "specific areas of questioning were informed by documents he had reviewed").

Even if Rule 612 applied, justice would not require production of the entire notes. The redacted portion of the notes reflect communications with counsel regarding the case background and role of a 30(b)(6) representative, which were not the subject of O'Dea's testimony. Courts routinely deny motions to compel production of privileged documents under Rule 612. *See, e.g.*, *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Hanover Ins. Co. v. Plaquemines Parish Gov't*, 304 F.R.D. 494, 500 (E.D. La. 2015); *Telamon v. Charter Oak*, 2014 WL 12758389 at *2 (S.D. Ind. May 30, 2014).

The Trustee's claim that he needs the notes because O'Dea is unfamiliar with the underlying issues is a red herring. 30(b)(6) witnesses do not testify from personal knowledge; counsel must prepare them. The Trustee's justification would compel wholesale production of privileged documents without regard for the actual impact they had on witnesses' testimony, creating "a pretext for wholesale exploration of an opposing party's files." Advisory committee's notes; *see also In re Kellogg Brown & Root Inc.,* 796 F.3d 137 (D.C. Cir. 2015) (reversing order to produce privileged documents relied upon by 30(b)(6) witness).

4

| | | Relief requested: BCBSTX respectfully requests the Court issue the following Order: "The Trustee's requests for production of Lynn O'Dea's notes and for a Zoom deposition of Ms. O'Dea are hereby denied." Alternatively, should the Court be inclined, BCBSTX is more than comfortable having the Court "examine the writing in camera" to preserve privilege and confirm that O'Dea did not testifying regarding the unproduced portion of the notes. Fed. R. Evid. 612. |
|---|---|---|