IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAMES STUDENSKY<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. 6:20-CV-01065-DTG |
| | § | |
| BLUE CROSS AND BLUE SHIELD<br>OF TEXAS,<br>    Defendant, | §<br>§<br>§<br>§ | JURY DEMAND |

## ORDER DENYING MOTION FOR JUDGEMENT BASED ON STATUTORY IMMUNITY (ECF NO. 199)

Before the Court is Defendant BCBS's Motion for Judgment Based on Statutory Immunity. ECF No. 199. The Motion contends that Defendant is entitled to a judgment based on statutory immunity under Texas and Federal law. The Motion has been fully briefed, and the Court heard oral argument on November 6, 2024. For the reasons discussed below, the Motion is **DENIED**.

### I. BACKGROUND

This case is currently set for trial on Plaintiff's claims of business disparagement, which are based on three specific statements that allegedly defame or disparage Little River, the entity in bankruptcy. These statements are a June 2016 report to the Office of Inspector General for the Office of Personnel Management ("the OPM-OIG report"), a June 2016 report entered into the National Health Care Anit-Fraud Association's Special Investigation Resource and Intelligence System ("the SIRIS report"), and a July 2017 presentation made at a meeting of the Healthcare Fraud Prevention Partnership ("the HFPP Presentation"). ECF No. 199 at 2. These reports and the presentation can be found in the docket at Electronic Case File numbers 199-5 (Exhibit 8), 199-8 (Exhibit 18), and 199-9 (Exhibit 21). While Plaintiff responded to these specific

statements and specifically declined to reveal its entire trial strategy, Plaintiff never identified any other statements on which its claims are based. *See* ECF No. 206. The Court therefore addresses these three statements and Defendant's claims of immunity.

## II. DEFENDANT'S MOTION IS PROCEDURALLY PROPER AND TIMELY

Over Plaintiff's objection, the Court finds Defendant's Motion is timely and considers it. As noted by Plaintiff, Defendant's Motion was filed long after the dispositive motion deadline. ECF No. 206 at 8. Defendant, however, identified where in its pleadings it preserved its claim to immunity and identified the new recent evidence—the guilty pleas, convictions, and qui tam settlements of Plaintiff's executives—that created good cause for filing the Motion. ECF No. 207 at 9-10. Additionally, Plaintiff joined Defendant in a motion to set a briefing schedule for Defendant's Motion. ECF No. 194, 196. In that motion, Plaintiff noted its disagreement with Defendant's defense, but nowhere objected to the timing of the Motion. The Court therefore finds that any procedural or timeliness objection was waived and that there is good cause for allowing Defendant to file its Motion after the summary judgment deadline.

## III. LEGAL ANALYSIS AND DISCUSSION

The first statute on which Defendant relies for its immunity claim is the Texas Insurance Code section 701.052. That provision provides immunity in a civil action when a person provides information about suspected insurance fraud to specific types of entities. Tex. Ins. Code § 701.052(a). To qualify for immunity the information must relate to the potential violation of Texas law. Tex. Ins. Code 701.001(a). There is no immunity, however, if a person "acts with malice, fraudulent intent, or bad faith." Tex. Ins. Code § 701.052(c).[1]

---

[1] Defendant contends that the statute bars the Trustee from filing suit. It reaches that conclusion based on the phrase "a civil action may not be brought" and a Texas Appellate Court case

Whether the statements were made to appropriate entities under the Texas Statute was not disputed. Defendant outlined how each statement was made to an entity that qualified under one or more of the subsections of section 701.052(a). ECF No. 199 at 13-14. Plaintiff's response did not challenge those facts and did not dispute whether the entities to whom the statements were made qualified under the Texas Statute. *See* ECF No. 206.

Defendant has presented unrefuted evidence that the Texas statute applies to the statements. Defendant contends that the statute unquestionably applies to all three statements. Defendant asserts that the three statements satisfy the requirement of being reports related to "a suspected, anticipated, or completed fraudulent insurance act." ECF No. 199 at 13-14. Plaintiff disputed whether the statements qualified as reports of a "fraudulent insurance act," and in its briefing, Plaintiff relied on the arbitrator's decision in its favor. ECF No. 206 at 12. Defendant responded by identifying specific provisions of the penal code that applied to all three statements. ECF No. 207 at 1-2. In response to this point, Plaintiff simply relied on its briefing at the hearing. Under the summary judgment standard, Defendant has presented unrefuted evidence that each of the statements implicates Texas criminal law and qualifies as "a suspected . . . fraudulent insurance act." *See* Tex. Ins. Code §§ 701.001(2), 701.052(a); *Celotex Corp. v.*

---

interpreting similar language from a different statute. ECF No. 205 at 6 (citing *Esters v. Texas Dep't of Transp.*, No. 14-11-00977-CV, 2013 WL 3947159, at *5 (Tex. App. July 20, 2013)).

That argument is undercut by subsection (d) of the statute. That section allows recovery of attorney's fees and costs if a person successfully proves immunity in a civil case. Tex. Ins. Code § 701.502(d). This recognizes that civil actions may be filed, and a party can successfully prove its right to immunity. Such a reading does not make the statutory language—"a civil action may not be brought"—superfluous but rather recognizes that there are situations where an action is brought and fact questions must be resolved before application of the statute can be determined. Defendant's reliance on *Limas* does not change this conclusion as that case involved a motion for summary judgment where the nonmovant presented to no evidence to contradict the motion. *Limas v. 20th Century Ins. Co.*, No. EP-09-CA-286-FM, 2010 WL 11506722, at *6 (W.D. Tex. Aug. 25, 2010) (granting summary judgment after finding that plaintiff failed to "point to one fact which indicates malice, fraudulent intent, or bad faith.")

*Catrett*, 477 U.S. 317, 314 (holding that once the movant has met its burden, a nonmovant who bears the burden of proof at trial must go beyond the pleadings and identify specific issues of fact for trial).

The main dispute, however, is whether there is a fact question about whether Defendant acted with "malice, fraudulent intent, or bad faith." A finding that these statements were made with malice, fraudulent intent, or bad faith would eliminate Defendant's right to claim immunity under the Texas statute. Texas Ins. Code § 701.052(c). Plaintiff acknowledges that the parties agree that the actual malice standard applies to the exception. ECF No. 206 at 13. Actual malice requires that Defendant have acted with reckless disregard to whether the statements were false or at a time it should have known the information was false. ECF No. 199 at 15 (citing *Huckabee v. Time Warner Ent. Co. L.P.*, 19 S.W.3d 413 (Tex. 2000) for the actual malice standard); ECF No. 206 (citing *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002) for the actual malice standard).

Defendant relies on the arbitration and other federal court proceedings to assert that the statements were true—and Plaintiff cannot prove malice. Defendant points to the arbitrator's denial of Little River's fraudulent inducement claim as conclusory evidence that no fraud occurred. ECF No. 199 at 17-18; ECF No. 207 at 5-6. Defendant also relies on the criminal conviction of Plaintiff's CEO, Jeff Madison, and the settlement agreement Mr. Madison reached with the government in a qui tam case against him. ECF No. 199 at 15 n.22.

The arbitration award does not estop Plaintiff from proving the malice exception. The arbitration involved the questions of whether pass-through billing was permitted under the Parties' contract, whether Defendant violated the terms of its contract, and whether Defendant fraudulently induced Plaintiff to sign a new contract. *See* ECF No. 200-2 at 61. Defendant's reliance on the Arbitrator's statement that the parties had a genuine disagreement over the

propriety of Little River's pass-through billing is offset by the Arbitrator's acknowledgement that Defendant "was less than forthright by failing to convey Little River's explanation of its billing practices and its belief that they were fully compliant with CMS regulations." *Id.* ¶ 130. This prevents the Arbitration award from having the collateral estoppel effect Defendant claims. *See Baros v. Tex. Mexican Ry. Co.*, 400 F.3d 228, 232 (5th Cir. 2005) (noting that a court has broad discretion in applying collateral estoppel).

The criminal and False Claims Act proceedings also involved different questions than whether Plaintiff was committing the "fraudulent insurance acts" included in the statements. All three statements involve allegations of improper pass-through billing by Little River's use of reference laboratories. The criminal and False Claims Act cases dealt with the question of whether Little River's CEO and related persons violated federal law by paying kickbacks to doctors in exchange for referring federally insured patients to Plaintiff for laboratory tests. Similarly, Judge King's recent decision in the adversary proceeding against United Health dealt with the question of whether United Health's contract with Little River barred similar kickbacks on private insurance. ECF No. 209. None of those proceedings addressed whether Little River's use of reference laboratories and pass-through billing was fraudulent or illegal as implied by the three statements.

Plaintiff also points to additional evidence that it asserts raises a fact question about malice. This evidence is an internal email string from Defendant where ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. ECF No. 206 at 5 (citing ECF No. 114-3). That same email string includes comments that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

Plaintiff further argues that circumstantial evidence of malice is supported by ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id*.

Indulging all inferences in Plaintiff's favor and viewing the evidence in the light most favorable to Plaintiff, the Court agrees that there is at least a fact question about whether the malice exception in the Texas statute applies. Defendant's Motion based on the Texas Insurance Code is **DENIED**. The Court reaches a similar conclusion under the federal statute.

For the HFPP Presentation, Defendant also asserts a claim to immunity based on a federal statute. *See* ECF No. 199 at 18-19 (relying on 42 U.S.C. § 1320a-7c(a)). That statute also provides immunity from civil liability for providing information to an entity with "a contract with the Secretary." 42 U.S.C. § 1320a-6(a). Immunity is lost, however, if the information is unrelated to the contract or the person providing the information "had reason to believe, such information was false." 42 U.S.C. § 1320a-6(a)(1), (2). Defendant contends that the HFPP presentation satisfies the purpose of the contract, that it was shared with proper entities, and for the same reasons that Defendant had no malice, it had no reason to believe the information was false. ECF No. 199 at 19.

Plaintiff contends, and the Court agrees, that for the same reasons there is a fact question about malice, there is a fact question about whether Defendant had reason to believe the information was false. At a time when Defendant described the situation as ▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, it was relaying to its HFPP partners that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Considering this evidence in the light most favorable to Plaintiff with all inferences indulged in Plaintiff's favor, the Court finds this

Page 6 of 7

sufficient to raise a fact question about whether Defendant had reason to believe the information was false. The portion of Defendant's Motion based on the federal statute is also **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Motion for Judgment Based on Statutory Immunity (ECF No. 199) is **DENIED**.

SIGNED this 18th day of November, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE